IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSE M. BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-603 JJF |
| | ) |
| WALMART #2555, | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO COMPLAINT

Defendant Wal-Mart Stores East, LP ("Wal-Mart") hereby responds to the Complaint filed in the above captioned matter as follows:

1. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

3. Defendant denies that "Walmart #2555" is its proper, legal name. Defendant admits that it operates a retail store known as store number 2555, which is located at 117 Wilton Boulevard, New Castle, Delaware 19702.

4. The allegations of this paragraph are denied. By way of further response, Wal-Mart denies that Plaintiff was subject to any discriminatory conduct while an employee of Wal-Mart.

5. The allegations of this paragraph are denied. By way of further response, Wal-Mart denies that Plaintiff was subject to any discriminatory conduct while an employee of Wal-Mart.

6. The allegations of this paragraph are denied. By way of further response, Wal-Mart denies that Plaintiff was subject to any discriminatory conduct while an employee of Wal-Mart.

7. This paragraph does not contain allegations to which a responsive pleading is required.

8. The allegations of this paragraph are denied.

9. The allegations of this paragraph are denied.

10. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

11. The allegations of this paragraph are denied. By way of further response, Wal-Mart specifically denies that Plaintiff was subject to discrimination on the basis of her race.

12. Wal-Mart specifically denies each and every allegation contained in the Charge of Discrimination attached to the Complaint. By way of further response, Wal-Mart specifically denies that Plaintiff was subject to discrimination on the basis of her race.

13. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

14. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant's conduct toward and treatment of plaintiff was at all times based upon reasonable, legitimate, and non-discriminatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff did not engage in any protected activity of which the Defendant was aware.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has sustained no damages, no financial loss or any other injury.

### FIFTH AFFIRMATIVE DEFENSE

Defendant had an effective harassment, discrimination and retaliation policy in place at the time of the incidents set forth in the Complaint, which plaintiff failed to utilize to alleviate herself of the alleged harassing and/or discriminatory behavior.

### SIXTH AFFIRMATIVE DEFENSE

Any injury allegedly suffered by plaintiff does not constitute emotional distress.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate any damages she alleged she has suffered.

### NINTH AFFIRMATIVE DEFENSE

Some or all of plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Walmart respectfully requests that this Court enter judgment in its favor and against plaintiff:

(a) Dismissing the complaint with prejudice;

(b) Awarding it costs and attorneys fees; and

(c) Granting such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Kathleen Furey McDonough (I.D. 2395)
Sarah E. DiLuzio (I.D. 4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Telefax: (302) 658-1192
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendant Wal-Mart Stores East, LP*

Dated: April 4, 2007
784357

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2007, two copies of the foregoing Answer to Complaint was served by U.S. Postal Mail upon the following counsel of record:

>Rose M. Bailey, *pro se*
>612 Candlestick Lane
>Newark, Delaware  19702

>/s/ *Sarah E. DiLuzio*
>Sarah E. DiLuzio (#4085)

784357