IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSE M. BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 06-603 JJF |
| | ) |
| WALMART #2555, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 34, Defendant Wal-Mart Stores East, LP ("Wal-Mart") hereby requests that Plaintiff Rose M. Bailey produce for inspection and copying at the offices of Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor, Wilmington, Delaware 19801, within 30 days after service of this request, the documents designated below.

**GENERAL INSTRUCTIONS**

1. In responding to this request for production of documents, the responding party is requested to furnish all documents that are in her possession, custody or control, including information in the possession of her attorneys or other persons directly or indirectly employed or retained by her, or connected with the responding party or her attorneys, or anyone else acting on her behalf or otherwise subject to her control.

2. If the responding party cannot respond to any document request in full, she should respond to the fullest extent possible, explain why she cannot respond to the remainder, and describe the nature of the documents that she cannot furnish.

3. The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

## **DEFINITIONS**

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1.  "Complaint" means the Complaint filed in the above-captioned matter on September 27, 2006.

2.  "Charge" means the Charge of Discrimination filed by Plaintiff, on or about October 14, 2005 with the Equal Employment Opportunity Commission, styled *Rose M. Bailey v. Walmart Store #2555*, Charge. No. 170-2005-03706, and attached to the Complaint in this action.

3.  "Document" includes, but is not limited to, any writing, whether printed, typewritten, handwritten, recorded or produced by any electronic, magnetic or other mechanical process, including the originals or copies when originals are not available, and any non-identical copies, including any copy that has been modified or annotated in any way. Such documents include, but are not limited to, any writing filed for reporting or other purposes with any federal, state or local agency; notes; memoranda; letters; correspondence; telegrams; intraoffice or interoffice communications; circulars, bulletins; manuals; results of investigations; progress reports; analyses; projections; studies made by or for any business or personal use; working papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; evaluations; drawings; calendars; financial ledgers; photographs; bank checks; pay stubs; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; personal notes; time sheets or logs; computer data (whether in written, magnetic, electronic, physical or other form); computer disks; audio or video recordings; job or transaction

files; appointment books; books; records, copies, extracts and summaries of documents; and preliminary intermediate and final drafts of any of the above, whether used or not.

4. "Communication" or "communications" means any type of oral, written or visual contact(s) between two or more persons in which information, facts, statements, conversations or opinions were exchanged, imparted or received, including by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and facsimile communications or transmittals of documents, and all documents concerning such writing or such oral conversation.

5. "Person," "persons" or "people" shall include both the singular and plural and shall include natural persons, firms, corporations, partnerships, associations, joint ventures and any other form of business organization or arrangement, government and/or government agencies of every nature and type.

6. "Relating to" or "relates to" means consisting of, connected or involved with, addressing the subject matter of, or summarizing or describing in any way.

7. Any reference to "and" includes "or." Any reference to "or" includes "and." Any reference to the singular includes the plural. Any reference to the plural includes the singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

8. If any document requested was at one time in existence, but is no longer in existence, your sworn response must state for each document:

      (a) the type of document;

      (b) the date upon which it ceased to exist;

      (c) the circumstances under which it ceased to exist;

(d) the name, address, and telephone number of each person having knowledge of the circumstances under which it ceased to exist; and

(e) the name, address, and telephone number of each person having knowledge of the contents thereof.

## **PRIVILEGED MATERIAL**

For any documents withheld on privilege grounds, or any other grounds, please provide a written response with the following information:

1. a description of the document sufficiently particular to identify it for purposes of a court order

2. the date of the document;

3. the number of pages of the document;

4. a list of all persons who participated in the preparation of the document;

5. a list of all persons who have received or reviewed copies of the document;

6. a list of all persons to whom the document was circulated, or its contents communicated; and

7. the nature of the protection claimed;

## **DOCUMENTS TO BE PRODUCED**

1. Any and all documents relating to or prepared in connection with any interviews of or discussions with individuals who are reasonably likely to have discoverable information relevant to the claims asserted in this litigation.

2. Any and all diaries, journals and/or calendars kept or maintained by Plaintiff or on Plaintiff's behalf, relating to the time period May 25, 1999 to the present including, but not limited to, handwritten notes, desk and/or pocket organizers, appointment books, schedules, work activity logs, and/or similar records, electronic calendars, electronic schedulers and/or electronic notation devices.

3. Any and all documents, notes, statements, letters, memoranda, e-mails, or records of communication between Plaintiff and any other person, including but not limited to any present or former employee of Wal-Mart, that refer or relate to any of the allegations set forth in the Complaint or Charge.

4. Any and all handbooks, employment manuals, documents, personnel records, policies, reports, statements, affidavits, acknowledgements or other documents relating to Wal-Mart's employment policies and procedures including, but not limited to, the following:

    (a) Wal-Mart Associate's Handbook;

    (b) Open Door Policy;

    (c) Coaching for Improvement;

    (d) Harassment/Discrimination/Inappropriate Conduct;

    (e) Wal-Mart Statement Of Ethics;

    (f) Respect for the Individual; and

    (g) Terminating Associates.

5. For each and every position held by Plaintiff during her employment with Wal-Mart, any and all documents that refer or relate to Plaintiff's general responsibilities, position responsibilities, position requirements and essential functions of each such position including, but not limited to, written job descriptions.

6. Any and all documents evidencing or relating in any way to any new/initial employee orientation and/or training that Plaintiff received, on and around May 25, 1999, when she began her employment with Wal-Mart.

7. Any and all documents evidencing or relating in any way to any employee training that Plaintiff received during the entire time that she was employed by Wal-Mart including, but not limited to, Computer-Based Learning Modules.

8. Any and all documents evidencing or relating in any way to Plaintiff's job performance during her employment with Wal-Mart including, but not limited to, performance reviews, appraisals, other evaluations, disciplinary documents, documents concerning violations of any company policy, Coaching for Improvement(s) and/or commendations.

9. Any and all documents evidencing or relating in any way to Plaintiff's attendance and absences during her employment with Wal-Mart.

10. Any and all documents evidencing or relating in any way to Plaintiff's interactions and/or communications with customers and clients during her employment with Wal-Mart.

11. Any and all documents evidencing or relating in any way to Plaintiff's interactions and/or communications with co-workers during her employment with Wal-Mart.

12. Any and all documents evidencing or relating in any way to Plaintiff's interactions and/or communications with Wal-Mart managers and supervisors during her employment with Wal-Mart.

13. Any and all documents evidencing or relating in any way to the termination of Plaintiff's employment with Wal-Mart including, but not limited to, Plaintiff's exit interview.

14. To the extent not previously produced in response to these requests, any and all documents evidencing or relating in any way to Plaintiff's familiarity with, and/or training on, Wal-Mart's Discrimination and Harassment Prevention Policy and the methods of reporting any alleged harassment including, but not limited to, Computer-Based Learning Modules.

15. Any and all documents evidencing, describing, referring or relating in any way to each and every instance, during your employment with Wal-Mart, that you reported or expressed concerns of alleged harassment, pursuant to the established procedures to report harassment, and/or took advantage of any preventative or corrective opportunities provided by Wal-Mart.

16. Any and all documents evidencing, describing, referring or relating in any way to each and every instance, during your employment with Wal-Mart, that you informally reported or expressed concerns of alleged harassment to any Wal-Mart manager, supervisor and/or the corporate office.

17. Any and all documents evidencing, referring or relating to all communications that you had, after your termination from employment with Wal-Mart, with anyone affiliated with Wal-Mart including, but not limited to, Wal-Mart's District Manager, Employment Advisory Services, the Ethics Hotline and/or the 1-800-Walmart Hotline regarding your employment, and or termination of employment, with Wal-Mart.

18. Any and all documents that refer, relate or evidence any anger management treatment, consultation, diagnosis, counseling, programs, classes, seminars, workshops or referrals (whether medical, psychological, psychiatric, or otherwise) that Plaintiff has received

and/or participated in, and any prescription issued to Plaintiff in connection with same. There is no time period or date restriction for this request.

19.   Any and all documents evidencing, relating or supporting in any way Plaintiff's allegation set forth in the Charge that since "Cindy's promotion to Co-Manager, she had discharged four (4) employees, including [you], all of whom are black."

20.   Any and all documents evidencing, relating or supporting in any way Plaintiff's allegation set forth in the Charge that in or about April 2005 Plaintiff was "given a pay raise less than similarly situated non-black employees."

21.   Any and all documents evidencing or relating in any way to Plaintiff's salary history during her employment with Wal-Mart.

22.   Any and all documents provided by Plaintiff or her agents, representatives or attorneys to the Equal Employment Opportunity Commission ("EEOC"), the Delaware Department of Labor ("DDOL") or any other federal, state, or local agency, relating to any charge of discrimination filed by Plaintiff against Wal-Mart, or any of Plaintiff's employers, and any and all documents received by Plaintiff, her agents, representatives or attorneys from any such agencies.

23.   Any and all documents evidencing or relating in any way to unemployment benefits received by Plaintiff following her termination from Wal-Mart.

24.   Any and all documents evidencing or relating in any way to Plaintiff's inquires regarding, or applications for, employment from May 2005 to the present.

25.   Any and all income tax returns prepared by or for Plaintiff, for the tax years 2005 to the present, including any W-2 forms relating to such tax returns and any supporting records.

26. Any and all documents evidencing, describing or relating to employment benefits provided to Plaintiff by any and all employers from May 5, 2005 to the present.

27. Any and all documents evidencing, relating or pertaining in any way to Plaintiff's claim for damages and the methods used to calculate such alleged damages.

28. Any and all documents evidencing or relating in any way to Plaintiff's employment history for the five (5) years prior to your most recent employment by Defendant Wal-Mart including, but not limited to, documents that identify each of your prior employers, the addresses of each prior employers and the dates during which you were employed by each prior employers.

29. To the extent not already produced in response to these Requests, any and all documents evidencing or relating in any way to Plaintiff's allegations of discrimination by Wal-Mart.

30. To the extent not already produced in response to these requests, any and all documents evidencing or relating in any way to Plaintiff's allegations of harassment by Wal-Mart.

31. To the extent not already produced in response to these Requests, any and all documents evidencing or relating in any way to Plaintiff's allegations of retaliation by Wal-Mart.

32. To the extent not already produced in response to these Requests, any and all documents identified and/or referred to in Plaintiff's Complaint or Charge.

33. To the extent not previously provided in response to these requests, any and all documents evidencing or relating in any way to Plaintiff's employment with Wal-Mart from May 25, 1999 to May 4, 2005.

34. The complete file(s) of any and all expert witnesses retained by Plaintiff who may or may not be expected to testify at trial, including any expert reports, documents provided to

said experts by Plaintiff, documents reviewed by said experts, and any documents or drafts created by said experts.

35. To the extent not previously produced in response to these requests, any and all documents identified in Plaintiff's Responses to Defendant's First Set of Interrogatories Directed to Plaintiff.

      POTTER ANDERSON & CORROON LLP

      By: /s/ Sarah E. DiLuzio
      Kathleen Furey McDonough (I.D. 2395)
      Sarah E. DiLuzio (I.D. 4085)
      1313 North Market Street
      P.O. Box 951
      Wilmington, DE  19899-0951
      Telephone:  (302) 984-6000
      Telefax:  (302) 658-1192
      kmcdonough@potteranderson.com
      sdiluzio@potteranderson.com

      *Attorneys for Defendant Wal-Mart Stores East, LP*

Dated:  August 13, 2007
808513/31342

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify that on August 13, 2007, I electronically filed a true and correct copy of the foregoing DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFF with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, and mailed via first class mail a copy to plaintiff at the following address:

>Rose M. Bailey, *pro se*
>612 Candlestick Lane
>Newark, Delaware  19702

>/s/ *Sarah E. DiLuzio*
>Sarah E. DiLuzio (#4085)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE  19899-0951
>Telephone:  (302) 984-6000
>Telefax:  (302) 658-1192
>E-mail:  sdiluzio@potteranderson.com

808513/31342