IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROSE M. BAILEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 06-603 JJF |
| WALMART #2555, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S FIRST SET OF INTERROGATORIES**
**DIRECTED TO PLAINTIFF**

Pursuant to Federal Rule of Civil Procedure 33 and Local Rule of Civil Practice and Procedure of the United States District Court for the District of Delaware 26, Defendant Wal-Mart Stores East, LP ("Wal-Mart"), by and through its undersigned counsel, hereby propounds and serves the following written interrogatories upon Plaintiff Rose M. Bailey to be answered in writing and under oath within 30 days after service. These interrogatories are deemed to be continuing. The answers to said interrogatories are to be kept current so as to require further or supplemental answers between the time the interrogatories are served and the time of hearing or trial.

**DEFINITIONS**

As used herein, unless specifically indicated otherwise, the following terms shall have the indicated meanings:

1. "Complaint" means the Complaint filed in the above-captioned matter on September 27, 2006.

2. "Charge" means the Charge of Discrimination filed by Plaintiff, on or about October 14, 2005 with the Equal Employment Opportunity Commission, styled *Rose M. Bailey*

*v. Walmart Store #2555*, Charge. No. 170-2005-03706, and attached to the Complaint in this action.

3. "Communication" or "communications" means any type of oral, written or visual contact(s) between two or more persons in which information, facts, statements, conversations or opinions were exchanged, imparted or received, including by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and facsimile communications or transmittals of documents, electronic mail, and all documents concerning such writing or such oral conversation.

4. "Describe," "describing," and "set forth" mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion, or other occurrence in question; the date, time, place and identity of all persons present thereat or participating therein; that which each such person said and did; the approximate duration of such occurrence; the method or means of communication employed; the identity of all documents relating thereto; and the identity of all persons having knowledge of such occurrence; as well as the date and means when and whereby such knowledge was first acquired.

5. "Document" includes, but is not limited to, any writing, whether printed, typewritten, handwritten, recorded or produced by any electronic, magnetic or other mechanical process, including the originals or copies when originals are not available, and any non-identical copies, including any copy that has been modified or annotated in any way. Such documents include, but are not limited to, any writing filed for reporting or other purposes with any federal, state or local agency; notes; memoranda; letters; correspondence; telegrams; intraoffice or interoffice communications; circulars, bulletins; manuals; results of investigations; progress reports; analyses; projections; studies made by or for any business or personal use; working

papers; contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers; evaluations; drawings; calendars; financial ledgers; photographs; bank checks; pay stubs; invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; personal notes; time sheets or logs; computer data (whether in written, magnetic, electronic, physical or other form); computer disks; audio or video recordings; job or transaction files; appointment books; books; records, copies, extracts and summaries of documents; and preliminary intermediate and final drafts of any of the above, whether used or not.

    6.    "Identify," "identity," or "identification" means, when used in reference to:
        (1)    a natural person, his or her:
- (a) full name;
- (b) present or last known home address and phone number;
- (c) present or last known business address and phone number;
- (d) present or last known occupation, position, business affiliation, and job description; and
- (e) occupation, position, business affiliation, and job description at the time relevant to the particular interrogatory being answered;

        (2)    a company, corporation, association, partnership, or legal entity other than a natural person:
- (a) its full name;
- (b) a description of the type or organization or entity;
- (c) the full address of its principal place of business;
- (d) the jurisdiction of incorporation or organization; and
- (e) the date of its incorporation or organization;

        (3)    a document:
- (a) its description (for example, letter, memorandum, report);
- (b) its title;
- (c) its date;
- (d) the number of pages thereof;
- (e) its subject;
- (f) the identity of its author, signatory or signatories, and any person who participated in its preparation;
- (g) the identity of its addressee or recipient;
- (h) the identity of each person to whom copies were sent and each person by whom copies were received;
- (i) its present location; and

      (j) the identity of its present custodian (if any such document was, but is no longer, in the possession of or subject to the control of plaintiff, state what disposition was made of it and when);

  (4) an oral communication or statement:
   (a) the date and time it occurred;
   (b) the place it occurred;
   (c) the complete substance of the communication;
   (d) the identity of each person:
    (i) to whom such communication was made;
    (ii) by whom such communication was made; and
    (iii) who was present when such communication was made;
   (e) if by telephone:
    (i) the identity of each person:
    (ii) who made each telephone call;
    (iii) who participated in each call;
   (f) the identify of all documents memorializing, referring to or relating in any way to the subject of the communication.

7. "Person," "persons" or "people" shall include both the singular and plural and shall include natural persons, firms, corporations, partnerships, associations, joint ventures and any other form of business organization or arrangement, government and/or government agencies of every nature and type.

8. "Relating to" or "relates to" means consisting of, connected or involved with, addressing the subject matter of, or summarizing or describing in any way.

9. "You" or "your" refers to the Plaintiff in the above-captioned matter and/or her agents or representatives.

10. Any reference to "and" includes "or." Any reference to "or" includes " and." Any reference to the singular includes the plural. Any reference to the plural includes the singular. Any reference to the masculine, feminine or neuter includes the masculine, feminine and neuter.

## INSTRUCTIONS

1. Each interrogatory requests that each and every part and particular thereof be answered with the same force and effect as if each part and particular were the subject of, and were asked by, a separate interrogatory. Where an interrogatory relates to more than one person or subject, it is to be answered as to each such person or subject separately.

2. You are to furnish all information which is available to you as of the date of your answers to these interrogatories. If you are unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answer, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, setting forth whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

3. With respect to the answer to each interrogatory, or subpart thereof, identify all persons and documents consulted by you in preparing your answer thereto, and state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the identity of each person who provided any information included in such answer. In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof.

4. When an interrogatory or any of its subparts calls for you to set forth the factual basis of any of your allegations or any of your answers, the request calls for you to set forth and describe each document which you contend tends to support your allegation or answer and identify each person who possesses facts supporting your allegation or answer.

5. If any information required to answer any interrogatory is withheld because you claim that such information is privileged, or is contained in a privileged document or communication:

    (a) identify each document or communication;

    (b) identify the privilege and set forth the factual basis for the privilege claimed; and

    (c) set forth each subparagraph of the interrogatory to which each such document or communications is responsive.

6. If your answer to any interrogatory refers to or identifies a document which once existed, but which no longer exists, state the circumstances under which it was destroyed or ceased to exist, including:

    (a) the identity of each person who determined that each such document would be removed or destroyed;

    (b) the identity of each person who authorized the destruction or removal of each such document;

    (c) the identity of each such person who removed or destroyed each such document;

    (d) the substance and content of each such document; and

    (e) the date and location and the manner in which each such document was removed or destroyed.

## INTERROGATORIES

1. With respect to your employment history for the five (5) years prior to your most recent employment by Defendant Wal-Mart, state the identities and addresses of each of your prior employers and the dates during which you were employed by each.

**RESPONSE:**


2. As to each employer identified above, state the positions held and the name of your supervisor in each position.

**RESPONSE:**


3. Identify each employer for whom you have worked subsequent to your termination from employment with Defendant Wal-Mart and state the dates of said employment.

**RESPONSE:**


4. As to each employer identified in your response to the preceding interrogatory, identify each position held by you, the starting salary of each position, and the name of your supervisor in each position.

**RESPONSE:**


5. As to each employer identified in response to Interrogatory No. 3 for which your employment was terminated (either by you or your employer), state the date of termination and the reason for the termination of employment.

**RESPONSE:**

6. State with particularity the complete basis for, and all facts supporting, the allegation set forth in the Charge that since "Cindy's promotion to Co-Manager, she had discharged four (4) employees, including [you], all of whom are black."

**RESPONSE**:


7. State whether, during your employment with Wal-Mart, you were familiar with, and trained on, Wal-Mart's Discrimination and Harassment Prevention Policy and the methods of reporting any alleged harassment including, but not limited to, Computer-Based Learning Modules.

**RESPONSE**:


8. State whether, at the time that you became a Wal-Mart employee, you received Wal-Mart policies including, but not limited to, the Wal-Mart Associate's Handbook.

**RESPONSE**:


9. State whether, at the time that you became a Wal-Mart employee, you were informed that Wal-Mart had and Open Door Policy which encouraged associates to discuss any matter freely, openly, and in confidence with their store Manager or other levels of Management, and which encouraged you to use such policy at anytime.

**RESPONSE**:


10. State whether, during your employment with Wal-Mart, you participated in Wal-Mart's new hire orientation training including, but not limited to, training in "Wal-Mart Culture

Lesson – Respect for the Individual," "Sexual Harassment" pipeline and Computer Based Learning sessions for hourly employees and a discussion of the evaluation process.

**RESPONSE:**

11. State whether, during your employment with Wal-Mart you followed Wal-Mart's procedure for reporting alleged harassment and took advantage of any preventative or corrective opportunities provided by Wal-Mart, and if so, explain in detail what you did including, but not limited to, reporting, and/or giving notice of, the allegedly offensive conduct referenced in the Charge to any member of management and/or Wal-Mart corporate office pursuant to the established procedures to report harassment.

**RESPONSE:**

12. Please describe and discuss in detail any and all communications that you had, after your termination from employment with Wal-Mart, with anyone affiliated with Wal-Mart including, but not limited to, Wal-Mart's District Manager, Employment Advisory Services, the Ethics Hotline and the 1-800-Walmart Hotline regarding your employment, and/or termination from employment, with Wal-Mart.

**RESPONSE:**

13. State with particularity the complete basis for, and all facts supporting, the allegation set forth in the Charge that in or about April 2005 you were "given a pay raise less than similarly situated non-black employees."

**RESPONSE:**

14. With respect to your claim for damages, identify any additional sources of income (including, though not by way of limitation, income earned from any employer, income earned while self-employed or as a sole proprietor of a business or as a partner in a partnership, unemployment compensation, workers' compensation, severance pay, deferred wages, medical payments or benefits, vacation pay, pension benefits, Social Security benefits and disability benefits) which you have received subsequent to your employment with Wal-Mart.

**RESPONSE:**


15. With respect to each source of income identified in the preceding interrogatory, state the amount of the income received (including the initial rate of payment and the amount of all subsequent increases), the dates of commencement and termination of each source of income, and the reasons for termination of each source of income.

**RESPONSE:**


16. Describe in detail all efforts by you to obtain employment subsequent to your employment with Wal-Mart (including in your response the identity of any other employers as to whom inquiries were made regarding possible employment and the dates thereof, the identity of all employment agencies and/or placement firms which were contacted during each period of unemployment and the dates thereof, and the identity of the positions sought and the applicable compensation).

**RESPONSE:**

17. As to each employer who offered you a position subsequent to your employment with Wal-Mart, state whether you accepted the offered position, and if not, explain in detail why you did not accept the offered position.

**RESPONSE:**


18. For each paragraph of the Complaint, and statement in the Charge, identify by name, address and telephone number of all persons having knowledge of facts relevant to the subject mater of this litigation.

**RESPONSE:**


19. Describe in detail the extent and nature of the knowledge held by each person identified in the preceding interrogatory.

**RESPONSE:**


20. To the extent not previously answered in response to the foregoing interrogatories, state with particularity the complete basis for, and all facts supporting, the allegations that, during your employment with Wal-Mart, you were harassed and discriminated against by Wal-Mart on the basis of race and retaliation.

**RESPONSE:**


21. State the basis for your demand for $50,000 in damages and set forth the identity of all documents or oral communications which refer or relate in any manner to, and all persons

having knowledge of, your claim for damages and/or the calculation of same (as to each such person so identified, describe fully his or her knowledge).

**RESPONSE:**


22.     Identify any and all persons who aided, assisted or participated in any manner in the preparation of the answers to this First Set of Interrogatories.

**RESPONSE:**


                      POTTER ANDERSON & CORROON LLP

                      By: /s/ Sarah E. DiLuzio
                      Kathleen Furey McDonough (I.D. 2395)
                      Sarah E. DiLuzio (I.D. 4085)
                      1313 North Market Street
                      P.O. Box 951
                      Wilmington, DE  19899-0951
                      Telephone:  (302) 984-6000
                      Telefax:  (302) 658-1192
                      kmcdonough@potteranderson.com
                      sdiluzio@potteranderson.com

                      *Attorneys for Defendant Wal-Mart Stores East, LP*

Dated:  August 13, 2007
807831/31342

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify that on August 13, 2007, I electronically filed a true and correct copy of the foregoing DEFENDANT'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, and mailed via first class mail a copy to plaintiff at the following address:

>Rose M. Bailey, *pro se*
>612 Candlestick Lane
>Newark, Delaware 19702

>/s/ *Sarah E. DiLuzio*
>Sarah E. DiLuzio (#4085)
>POTTER ANDERSON & CORROON LLP
>Hercules Plaza, 6th Floor
>1313 North Market Street
>P.O. Box 951
>Wilmington, DE 19899-0951
>Telephone: (302) 984-6000
>Telefax: (302) 658-1192
>E-mail: sdiluzio@potteranderson.com

807924/31342