

Potter
Anderson
&Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Sarah E. DiLuzio
Attorney at Law
sdiluzio@potteranderson.com
302 984-6279 Direct Phone
302 658-1192 Fax

January 16, 2008

**Via Electronic Filing**

The Honorable Joseph J. Farnan, Jr.
United States District Court
District of Delaware
844 King Street
Wilmington, Delaware 19801

      Re:    **Rose Bailey v. Wal-Mart Stores East, L.P.,
                      C.A. No. 06-603-JJF**

Dear Judge Farnan:

      I write on behalf of the defendant in this action, Wal-Mart Stores East, L.P. ("Wal-Mart") regarding Wal-Mart's Motion for Summary Judgment, filed on December 14, 2007. (D.I. 16, 17)

      Pursuant to this Court's scheduling order and D. Del. LR 7.1.2(a)(2), the Plaintiff was required to respond to Wal-Mart's Motion for Summary Judgment on or before January 7, 2008. (D.I. 11) Plaintiff has not responded as of the date of this submission. Plaintiff has neither requested an extension of time to file a response nor moved this Court for an extension. Because of Plaintiff's failure to respond within the Court's deadlines, Plaintiff has waived her right to respond to Wal-Mart's Motion for Summary Judgment or controvert the facts in Wal-Mart's Motion for Summary Judgment. See D. Del. LR 1.3(b) ("Failure to comply with the Rules of this Court relating to motions may result in the determination of the motion against the offending party."); Anchorage Assocs. v. Virgin Islands Bd. of Tax Review, 922 F.2d 168, 175-76 (3d Cir. 1990) (holding that "a local rule . . . can and should be construed as effecting a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it"); Reynolds v. Rick's Mushroom Serv., Inc., 246 F. Supp.2d 449, 453 (E.D. Pa. 2003) ("By failing to file a response within the time specified by the local rule, the nonmoving party waives the right to respond to or controvert the facts asserted in the summary judgment motion.") (internal quotation and citation omitted).

      In any event, summary judgment in favor of Wal-Mart is appropriate because, as set forth in Wal-Mart's Opening Brief in Support of its Motion for Summary Judgment, no genuine issue of material fact exists, and the undisputed facts entitle Wal-Mart to judgment as a matter of law. See Fed. R. Civ. P. 56(e) ("If the adverse party does not so respond, summary judgment, if

The Honorable Joseph J. Farnan, Jr.
January 16, 2008
Page 2

appropriate, shall be entered against the adverse party."); Anchorage Assocs., 922 F.2d at 175 (holding that, "[w]here the moving party does not have the burden of proof on the relevant issues," summary judgment is "appropriate" when "the deficiencies in the opponent's evidence designated in or in connection with the motion entitle the moving party to judgment as a matter of law;" also holding that hearing not required to enter judgment); Reynolds, 246 F. Supp.2d at 453 (entering summary judgment as to those counts where there was no genuine issue of material fact and moving party entitled to judgment as matter of law).

    Accordingly, Wal-Mart respectfully requests that this Court enter summary judgment in its favor, dismissing all counts of the Complaint. A Form of Order is attached for the convenience of the Court.

    Counsel for Wal-Mart are available at the Court's convenience should Your Honor have any questions.

Respectfully,

Sarah E. DiLuzio
(Delaware Bar I.D. 4085)

cc: Clerk of the Court (Electronic filing via CM/ECF)
    Rose Bailey (via U.S. mail)

842703