IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROSE M. BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 06-603 JJF |
| | ) | |
| v. | ) | |
| | ) | |
| WALMART #2555, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT WAL-MART STORES EAST, LP'S
REPLY BRIEF IN FURTHER SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE  19801
(302) 984-6000
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

*Attorneys for Defendant Wal-Mart Stores East, L.P.*

Date:  February 19, 2008

# TABLE OF CONTENTS

**PAGES**

TABLE OF AUTHORITIES ................................................................................................... ii

INTRODUCTION ................................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

    I.    Wal-Mart Is Entitled To Judgment As A Matter Of Law
          On Plaintiff's Discrimination Claim ....................................................... 2

    II.    Wal-Mart Is Entitled To Judgment As A Matter Of Law
          On Plaintiff's Remaining Claims ........................................................... 2

CONCLUSION ......................................................................................................................... 3

# **TABLE OF AUTHORITIES**

**CASES**

*Anchorage Assocs. v. Virgin Islands Bd. of Tax Review,*
    922 F.2d 168 (3d Cir. 1990)......................................................................................1, 3

*Boykins v. Lucent Technologies, Inc.,*
    78 F. Supp.2d 402 (E.D. Pa. 2000);
    *aff'd without op.,* 29 Fed. Appdx. 100 (3d. Cir. 2002) ...................................................1

*Coulton v. Univ. of Pa.,*
    237 Fed. Appx. 741 (3d Cir. 2007).................................................................................2

*McDonnell Douglas Corp. v. Green,*
    411 U.S. 792 (1973).........................................................................................................2

*Reynolds v. Rick's Mushroom Serv., Inc.,*
    246 F. Supp.2d 449 (E.D. Pa. 2003) ..............................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(e) ................................................................................................................1, 3

D. Del. LR 5.1.1 ..........................................................................................................................1

D. Del. LR 7.1.3..........................................................................................................................1

D. Del. LR 1.3(b) ........................................................................................................................3

## **INTRODUCTION**

Plaintiff's complaint in this action asserted several potential claims against her former employer, Defendant Wal-Mart Stores East, L.P., including racial discrimination, hostile work environment, retaliation and unfair pay. In response to Wal-Mart's motion for summary judgment and supporting brief, Plaintiff filed a handwritten document[1] that attempts to support only one of her original claims – that Wal-Mart's decision to terminate her employment was somehow unlawful.

Having failed to respond to Wal-Mart's motion for summary judgment on her remaining claims, Plaintiff waived the right to contest the dismissal of those claims and they should, therefore, be dismissed. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175-76 (3d Cir. 1990) (holding that failure to respond "can and should be construed as effecting a waiver of the opponent's right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it"). With respect to the claim she did defend, Plaintiff fails to identify evidence that casts doubt upon Wal-Mart's legitimate business reason for terminating her, *i.e.*, her gross insubordination. Because Plaintiff's "Response" offers absolutely no reply to Wal-Mart's substantive arguments, each of which are supported by the evidence, Wal-Mart's motion for summary judgment should be granted.

---

[1] Although labeled by the Clerk of the Court as Plaintiff's answering brief in opposition to Wal-Mart's motion for summary judgment, Plaintiff's submission fails to comply with Local Rules 5.1.1 and 7.1.3. The fact that Plaintiff is proceeding *pro se* in this litigation does not excuse her from adhering to the rules of the Court. *See, e.g., Boykins v. Lucent Technologies, Inc.*, 78 F. Supp. 2d 402, 408 (E.D. Pa. 2000); *aff'd without op.*, 29 Fed. Appdx. 100 (3d. Cir. 2002) (stating "merely because a non-moving party is proceeding *pro se* does not relieve him of the obligation under Rule 56(e) to produce evidence that raises a genuine issue of material fact").

1

## ARGUMENT

I.  **WAL-MART IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S DISCRIMINATION CLAIM.**

Plaintiff claims that Wal-Mart terminated her because of her race, (African-American). The truth is that Wal-Mart terminated her because she engaged in a verbal altercation with a member of management on the sales floor of the store. (Sinclair Aff. ¶6, A4; Lawrence Aff. ¶5, A2) Plaintiff does not challenge this essential fact. Instead, she takes issue with Wal-Mart's position that Co-Manager Jennifer Lawrence was the ultimate decision-maker. This argument, however, is irrelevant. In order to defeat Wal-Mart's motion for summary judgment, Plaintiff must prove by a preponderance of the evidence that the legitimate reasons offered by Wal-Mart for her termination were not its true reasons, but a pretext for discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff's insinuation that a Caucasian individual, Store Manager Merl Corday, was involved in the decision to terminate her is irrelevant to the central issue – whether Wal-Mart's proffered reason was pretextual. *See Coulton v. Univ. of Pa.*, 237 Fed. Appx. 741, 748 (3d Cir. 2007) (holding that the mere fact that the decision-makers were of a different race than the employee was insufficient to permit an inference of discrimination).

In sum, Plaintiff's failure to adduce *any* evidence that the managers involved in the decision to terminate her employment harbored any discriminatory animus is fatal to her claim[2].

II.  **WAL-MART IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S REMAINING CLAIMS.**

Plaintiff makes no effort to rebut Wal-Mart's arguments disproving her hostile work environment, retaliation or unfair pay claims. In fact, she does not even mention them in her

---

[2] In fact, Plaintiff herself is not even convinced that her race played a role in her termination. (*See* Plaintiff's Dep. Tr. at 93, A183, testifying that race "could have been" a factor).

Response. Accordingly, Plaintiff waived her right to oppose the arguments or controvert the facts set forth in Wal-Mart's opening brief. *See Anchorage Assocs.*, 922 F.2d at 175-76; *Reynolds v. Rick's Mushroom Serv., Inc.*, 246 F. Supp.2d 449 (E.D. Pa. 2003) (stating that, by failing to file a response, "the nonmoving party waives the right to respond to or controvert the facts asserted in the summary judgment motion"); D. Del. LR 1.3(b) ("failure of counsel to comply with the Rules relating to motions may result in the determination of the motion against the offending party"). As a result, Wal-Mart's motion for summary judgment with respect to these claims should be granted. *See* Fed. R. Civ. P. 56(e) ("If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.").

## CONCLUSION

Based on the forgoing, as well as the arguments set forth in Wal-Mart's opening brief, it is hereby respectfully requested that this Court enter an Order granting Wal-Mart's Motion for Summary Judgment and dismissing Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: /s/ Sarah E. DiLuzio
Kathleen Furey McDonough (# 2395)
Sarah E. DiLuzio (#4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
kmcdonough@potteranderson.com - Email
sdiluzio@potteranderson.com - Email

*Attorneys for Defendant Wal-Mart Stores East, LP*

Date: February 19, 2008
847719v2/31342

3

**CERTIFICATE OF SERVICE**

     I, Sarah E. DiLuzio, hereby certify that on February 19, 2008, I electronically filed a true and correct copy of the foregoing **DEFENDANT WAL-MART STORES EAST, LP'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM/ECF, and mailed via first class mail a copy to plaintiff at the following address:

        Rose M. Bailey, *pro se*
        612 Candlestick Lane
        Newark, Delaware  19702

        /s/ *Sarah E. DiLuzio*
        Sarah E. DiLuzio (#4085)
        POTTER ANDERSON & CORROON LLP
        Hercules Plaza, Sixth Floor
        1313 North Market Street
        P.O. Box 951
        Wilmington, DE  19899-0951
        Telephone:  (302) 984-6000
        Telefax:  (302) 658-1192
        E-mail:  sdiluzio@potteranderson.com

847719 / 31342