IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROSE M. BAILEY,                  :
                                 :
        Plaintiff,               :
                                 :
    v.                           : Civil Action No. 06-603 JJF
                                 :
WALMART #2555,                   :
                                 :
        Defendant.               :

Rose M. Bailey, of Newark, DE.

PRO SE Plaintiff.

Kathleen Furey McDonough, Esquire & Sarah E. DiLuzio, Esquire of POTTER ANDERSON & CORROON LLP of Wilmington, DE.

Attorneys for Defendant.

**MEMORANDUM OPINION**

March 7, 2008

**Farnan, District Judge**

Pending before the Court is the Motion for Summary Judgment filed by Defendant Wal-Mart Stores East, LP ("Walmart"). (D.I. 16.) For the reasons discussed, Defendant's Motion will be granted.

I.  Background[1]

On September 27, 2006, Plaintiff Rose M. Bailey ("Bailey") filed the present lawsuit against Walmart pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq, alleging retaliation and discrimination on the basis of race. (D.I. 2.) Bailey's Complaint incorporates the allegations contained in the charge of discrimination she filed with the Equal Employment Opportunity Commission ("EEOC"). (Id.)

Bailey worked as a sales associate in Walmart Store #2555 in New Castle, Delaware from May 25, 1999 until May 4, 2005. (Id.) Bailey, who is African-American, alleges that in April of 2004, she received a $.35 per hour pay increases, while in April of 2005 similarly situated non-Black employees received $.50 per hour pay increases. (Id.)

By her Complaint, Bailey alleges that on April 29, 2005 she told Cynthia Brittingham ("Brittingham"), a Caucasian Support

---

[1]The following background information is taken from the parties' submissions and does not constitute findings of fact. It is cast in the light most favorable to the non-movant, the Plaintiff. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976).

1

Manager, that she planned to report Brittingham for race-based harassment to the corporate office. (Id.) Further, Bailey alleges that she was informed by Jennifer Lawrence ("Lawrence"), an African-American Assistant Manager, and a "white male Assistance Manager" that she was being discharged because she had "went looking for Cindy [Brittingham][...] to inform her that I was going report her for harassment." (Id.) In her deposition testimony, though, after describing an incident in which Brittingham allegedly pushed a cart of merchandise at Bailey and told her to put it away, Bailey denies that she told Brittingham that she was going to report her.[2] (D.I. 18 at A110-13, A117-18.) Bailey further testifies that she did not report that she felt harassed or discriminated against to Bailey or any management personnel at Walmart until after her termination. (Id. at A129-30.) After her termination, Bailey called the Walmart Ethics Hotline and complained that her termination was unfair, though she did not claim that it was race-motivated. (Id. at A153.)

In response to Bailey's disparate pay claim, Walmart contends that in 2005 Bailey earned as much or more than the two non-Black female associates Bailey identified in her Complaint. (D.I. 17.) Consistent with Walmart's pay structure, Bailey

---

[2] Q: "So did you tell Cindy you were going to report her that night?"
A: "No. I let Cindy have her way that night."
(D.I. 18 at A117-118.)

2

received an hourly wage increase of $.40 following a performance evaluation of 'meeting expectations' in April 2005. (Id.) In May 2005, Ms. Swift, the Caucasian associate identified by Bailey, also received an hourly wage increase of $.40 following performance evaluation of 'meeting expectations.' (Id.) In November 2005, Ms. Sen, the associate of South Asian descent identified by Bailey, received an hourly wage increase of $.55 following performance evaluation of 'exceeding expectations,' though still earned $10.75 per hour, the same amount that Bailey earned at the time of her termination. (Id.)

    In response to Bailey's retaliation claim, Walmart contends that Bailey's termination was motivated solely by her repeated verbal altercations with supervisors and insubordination. (D.I. 17.) On March 30, 2005, Bailey engaged in a loud verbal confrontation, in front of customers, with Pearl Robinson, an African-American Service Manager. (D.I. 18 at A160-66.) On May 2, 2005, Radcliffe Sinclair ("Sinclair"), an African-American Assistant Manager, instructed Bailey to sort returned merchandise. (Id., at 107-10.) After Cynthia Brittingham reported to Sinclair that Bailey was not complying with his instruction, Bailey "began to yell at Ms. Brittingham" on the sales floor until Sinclair intervened and told her to stop. (Id., A3-4.) The next day, Sinclair recommended Bailey's termination to Jennifer Lawrence. (Id.) Lawrence met with Bailey, who did

3

not apologize for the altercation with Brittingham, and who "seemed to believe that yelling at Ms. Brittingham on the sales floor was acceptable." (Id., at A2.) Walmart alleges that Lawrence thereafter terminated Baily for insubordination on May 4, 2005. (Id.)

By her Answering Brief, Bailey avers that Lawrence told Bailey in their May 4, 2005 meeting that she was only terminating Bailey because she had been instructed to do so by Store Manager Merl Corday. (D.I. 21.)

## II.   Legal Standard

In pertinent part, Rule 56(c) of the Federal Rules of Civil Procedure provides that a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir. 1995).

However, a court should not make credibility determinations or weigh the evidence.  Reeves v. Sanderson Plumbing Prods.,

4

Inc., 530 U.S. 133, 150 (2000). To properly consider all of the evidence without making credibility determinations or weighing the evidence, a "court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." Id. at 151 (internal citations omitted).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . . In the language of the Rule, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)(internal citations omitted). However, the mere existence of some evidence in support of the non-movant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the non-movant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## III. Discussion

### A. Discriminatory Termination

When examining a Title VII claim alleging discriminatory treatment, a court must use the burden-shifting analysis set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252 (1981). Under this analysis, a plaintiff must establish a prima facie case of discrimination through showing that: (1) she belongs to a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) the circumstances of the adverse employment action give rise to an inference of discrimination. McDonnell Douglas, 411 U.S. at 802. If the plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the defendant, and the defendant must "articulate some legitimate, nondiscriminatory reason" for the treatment. Id. If the defendant produces a sufficient reason for its actions, the burden shifts back to the plaintiff to demonstrate that the defendant's reasons are merely a pretext for discrimination. Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). At this stage, the plaintiff must point to some evidence from which the "factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or

6

determinative cause of the employer's action." <u>Stanziale v. Jargowsky</u>, 200 F.3d 101, 105 (3d Cir. 2000).

While Bailey unquestionably meets three of the McDonnell Douglas prongs, the Court concludes that she has not established a triable issue of fact on prong four, whether the "circumstances of the adverse employment action give rise to an inference of discrimination." Bailey has produced no evidence, either direct or circumstantial, supporting her claim that her termination was motivated by racial animus. Bailey contends that Store Manager Mel Corday, who is Caucasian, ordered her termination, and not Lawrence or Sinclair, who are both African-American Assistant Managers. Baily's implicit contention, however, that race motivated Corday's decision, because he is Caucasian and she is not, fails. See <u>Coulton v. Univ. of Penns.</u>, 237 Fed. Appx. 741, 748 (3d Cir. 2007)("The mere fact that [the adverse decision-makers] were of a different race than [the employee], however, is insufficient to permit an inference of discrimination.") (citations omitted). In light of Bailey's failure to raise any evidence of discriminatory animus, the Court concludes that Bailey has not presented sufficient evidence for a reasonable jury to find a prima facie case of discrimination.

Even if the Court were to conclude that Bailey had established a prima facie case, which it has not, Bailey has presented no evidence to rebut Walmart's proffered non-

discriminatory justification for her termination. Walmart contends that it terminated Bailey's employment because of an incident of insubordination and two incidents in which Bailey yelled at management personnel on the store floor. The Court concludes that Bailey has offered no evidence to demonstrate that Walmart's proffered justification is pretextual. Accordingly, the Court will grant Defendant's Motion with respect to Bailey's discriminatory termination claim.

    B.   <u>Retaliation Claim</u>

By her Complaint, Bailey contends that she was terminated in retaliation for threatening to report a supervisor for harassment. To present a retaliation claim under Title VII, a plaintiff must establish a prima facie case of retaliation, which requires the plaintiff to show: "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." <u>Woodson v. Scott Paper Co.</u>, 109 F.3d 913, 920 (3d Cir. 1997)(citations omitted). If the plaintiff establishes a prima facie case, the burden shifts to the defendant to articulate some legitimate non-discriminatory reason for the adverse action. <u>Williams v. Philadelphia Hous. Auth. Police Dep't</u>., 380 F.3d 751, 760 (3d Cir. 2004). Finally, if the defendant carries this burden, the plaintiff then must

prove by a preponderance of the evidence that the allegedly legitimate reasons offered by the defendant were not its true reasons, but a pretext for discrimination.  Id.

Even construing the facts in light most favorable to Bailey, the Court concludes that she has not established an genuine issue of fact on the elements of a prima facie case of retaliation. Despite representing in her Complaint that she was terminated for threatening to report Brittingham for harassment, Baily testified at deposition that she did not threaten to report Brittingham, and that in fact she did not report feeling discriminated against or harassed to any Walmart manager.[3]  Even if Bailey could establish that she engaged in protected activity, she has presented no evidence that the relevant decision-maker, whether it was Corday, Lawrence, or Sinclair, was aware of that activity. As a matter of law, there is thus insufficient evidence to establish a causal connection between any protected activity and Bailey's adverse employment action.  See Krouse v. Am. Sterilizer Co., 126 F.3d 494, 505 (3d Cir. 1997)(discussing lack of knowledge of protected activity in affirming grant of summary

---

[3]
Q: "So did you tell Cindy you were going to report her that night?" A: "No.  I let Cindy have her way that night."
...
Q: "You did not try to report it to anyone in management?"
A: "No. Ma'am, I was sick at the time.  I didn't feel like getting up looking for no manager."
(D.I. 18 at A117-18, A129-30.)

9

judgment to employer). Accordingly, the Court concludes a jury could not reasonably find that Bailey has established a prima facie case of retaliation. Defendant's Motion will therefore be granted with respect to Bailey's retaliation claim.

    C.    <u>Discriminatory Pay Claim</u>

By her Complaint, Bailey contends that she was paid less than similarly situated non-Black employees. Intentional wage discrimination claims are analyzed under the burden-shifting test articulated in <u>McDonnell Douglas</u>. <u>Coward v. ADT Security Sys., Inc.</u>, 140 F.3d 271, 273 (D.C. Cir. 1998). To make out a prima facie case of disparate treatment through comparison to similarly situated employees, plaintiffs must "have engaged in the same conduct [as the employees outside of the protected class] without such differentiating or mitigating circumstances that would distinguish their conduct or their employer's treatment of them for it." <u>Davis v. City of Phila. Water Dep't</u>, 57 Fed. Appx. 90, 92 (3d Cir. 2003).

Construing the evidence in favor of Bailey, the Court concludes that she has failed to present sufficient evidence of discriminatory pay to make out a prima facie case. Empirically, Bailey earned as much as or more than the two individuals identified in her Complaint. While one of those individuals, Ms. Sen, received a larger pay increase than Bailey in 2005, Walmart justified this as based on a performance evaluation of "exceeding

expectations," as opposed to Bailey's evaluation of "meeting expectations." Bailey has proffered no evidence to rebut Walmart's explanation or otherwise establish that she was similarly-situated to Ms. Sen with respect to their wage increase. Thus, the Court concludes that a reasonable jury could not find that Baily has established a prima facie case of pay discrimination, and will grant Defendant's Motion with respect to the pay discrimination claim.

## IV. Conclusion

For the reasons discussed, the Court concludes that Plaintiff has not established issues of material fact sufficient to defeat summary judgment on her discriminatory termination, retaliation, and discriminatory termination claims. Accordingly, the Court will grant Defendant's Motion for Summary Judgment.

11